1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DARREN GILBERT, | Case No.  1:21-cv-01360-DAD-BAM |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |
| K & R BEER & WINE LLC, *et al*, | (Doc. 12) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

18          On November 19, 2021, Plaintiff Darren Gilbert, ("Plaintiff") filed an application for

19   default judgment against Defendants K & R Beer & Wine LLC, Kulwinder S. Johal, and Inderjit

20   K. Johal ("Defendants"). (Doc. 12.)  No opposition was filed. The Court deemed the matter

21   suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing

22   set for December 17, 2021. (Doc. 13.)

23          Having considered the moving papers and the record in this action, the Court

24   RECOMMENDS that Plaintiff's motion for default judgment be GRANTED and that judgment

25   be entered against Defendants K & R Beer & Wine LLC, Kulwinder S. Johal, and Inderjit K.

26   Johal.

27   ///

28   ///

1

## I.    FACTUAL BACKGROUND

On September 10, 2021, Plaintiff filed this action asserting denial of the right of access under the Americans with Disabilities Act ("ADA") and the Unruh Act. (Doc. 1.)

Plaintiff alleges Defendants discriminated against Plaintiff by denying Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendants' facilities in violation of 42 U.S.C. § 12182(a). (*Id.* at ¶ 18.) Plaintiff further alleges that Defendants could easily remove the architectural barriers at the facility without much difficulty or expense and failing to do so violated 42 U.S.C. § 12182(b)(2(A)(iv). (*Id.* at ¶ 21.) Plaintiff alleges that Defendants violated 42 U.S.C. § 12183(a)(1) by failing to design and/or construct the facility in a manner that is readily accessible to the physically disabled public where is it structurally practical to do so. (*Id.* at ¶ 25.) Plaintiff further alleges that Defendants violated 42 U.S.C. § 12183(a)(2) by altering the facility in a manner that violate the ADA. (*Id.* at ¶ 28.) Plaintiff alleges that Defendants violated 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to make reasonable modifications in policies, practices, or procedures at the facility. (*Id.* at ¶ 30.) Plaintiff also alleges that Defendants violated California Civil Code § 51 (the Unruh Act) by denying Plaintiff, and other physically disabled persons, the full and equal enjoyment of the facilities. (*Id.* at ¶¶ 34-41.) Finally, Plaintiff alleges Defendants violated Health and Safety Code § 19959. (*Id.* at ¶¶ 42-46.)  Plaintiff's complaint seeks damages, attorneys' fees and costs, and injunctive relief. (*Id.* at 8.)

On September 29, 2021, according to the proof of service, Plaintiff served Defendant Inderjit K. Johal and Kulwinder S. Johal with the summons and complaint by substituted service at Defendants' home at 630 W. Colony Rd., Ripon, CA 95366 by serving co-occupant Lovepreet Johal. (Docs. 5, 6.) On September 27, 2021, according to the proof of service, Plaintiff served Defendant K & R Beer & Wine, LLC with the summons and complaint by substitute service at 711 S. 9th St., Modesto, CA 95351 by serving Tanya DOE, who appeared to be in charge. (Doc. 4.) Defendants have not responded to the complaint, and the Clerk of Court entered default against all Defendants on November 11, 2021. (Docs. 8, 9, 10.)  Plaintiff filed the instant motion against Defendants on November 19, 2021, seeking default judgment and injunctive relief. (Doc.

1    12.)

2    **II.    DISCUSSION**

3    **A.  Service on Defendants**

4    In deciding whether to grant or deny a default judgment, a court should assess the

5    adequacy of the service of process on the party against whom default is requested.  *See, e.g.,*

6    *Farmers Auto. Ins. Ass'n v. Long,* No. 1:13-cv-01236 AWI BAM, 2014 WL 12773792, at *1

7    (E.D. Cal. Mar. 13, 2014)*; Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL

8    1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-

9    cv-00716 AWI GSA, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

10    Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual

11    within a judicial district of the United States.  An individual may be served by:

12    (1) following state law for serving a summons in an action brought in courts of
13    general jurisdiction in the state where the district court is located or where service
      is made; or

14    (2) doing any of the following:

15    (A) delivering a copy of the summons and of the complaint to the
      individual personally;
16
17    (B) leaving a copy of each at the individual's dwelling or usual place of
      abode with someone of suitable age and discretion who resides there; or

18    (C) delivering a copy of each to an agent authorized by appointment or by
      law to receive service of process.
19

20    Fed. R. Civ. P. 4(e).

21    California law, in turn, permits substituted service upon an individual if a copy of the

22    summons and complaint cannot with reasonable diligence be personally delivered by:

23    leaving a copy of the summons and complaint at the person's. . . usual place of
      business . . . in the presence of . . .a person apparently in charge of his or her . . .
24    place of business…at least 18 years of age, who shall be informed of the contents
      thereof, and by thereafter mailing a copy of the summons and of the complaint by
25    first-class mail, postage prepaid to the person to be served at the place where a copy
      of the summons and complaint were left.
26

27    Cal. Code Civ. P. § 415.20(b).

28    As to Kulwinder S. Johal and Inderjit K Johal, according to the proofs of service on file,

3

1    Defendants were served by substitute service with the summons and complaint at their residence,

2    by delivering the documents to a co-occupant, and thereafter mail served at the address. (Docs. 5,

3    6.) As to K & R Beer & Wine LLC, according to the proof of service on file, Defendant K &R

4    Beer & Wine LLC was served by leaving copies of the summons and complaint at the company's

5    address with Tanya DOE, a person who appeared to be in charge, and thereafter mail served at the

6    address. (Doc. 4.) Accordingly, the Court finds that Plaintiff properly served all Defendants

7    pursuant to Federal Rule of Civil Procedure 4(e)(1) and (2)(A)-(B).

8         **B.       The *Eitel* Factors Weigh in Favor of Default Judgment**

9         Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for

10   a default judgment against a defendant that has failed to plead or otherwise defend against the

11   action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint

12   relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,*

13   *Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-

14   18 (9th Cir. 1987).

15        Factors which may be considered by courts in exercising discretion as to the entry of a

16   default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

17   plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in

18   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

19   due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

20   Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

21   1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002).  As

22   discussed below, the Court finds that these *Eitel* factors weigh in favor of granting default

23   judgment.

24        1.       Possibility of Prejudice to Plaintiff

25        The first factor considers whether a plaintiff would suffer prejudice if default judgment is

26   not entered. *See PepsiCo, Inc.,* 238 F.Supp.2d at 1177.  Generally, where default has been entered

27   against a defendant, a plaintiff has no other means by which to recover against that defendant.

28   *Id*.; *Moroccanoil, Inc. v. Allstate Beauty Prods*., 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012).

4

Here, the Court finds Plaintiffs would be prejudiced if default judgment were not granted because Plaintiff does not have any other way to recover against Defendants.  This factor weighs in favor of default judgment.

2.      Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc*., 238 F. Supp. 2d at 1175.  Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to make reasonable modifications in policies, practices, or procedures, when modification is necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." *Id*. § 12182(b)(2)(A)(ii).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Facilities include "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 CFR § 36.104. Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff went to the K & R Beer and Wine and encountered

5

barriers associated with parking spaces with insufficient clearances for wheelchairs and unsafe curb ramps.  The Complaint identifies approximately two separate "barriers." (Doc. 1, ¶ 10). Plaintiff alleges that as a result of the barriers, he is deterred from visiting K & R Beer & Wine LLC.   He contends that the barriers complained of are easy to remove, but Defendants have intentionally refrained from altering the facility to comply with accessibility standards. (Doc. 1, ¶ 14.) As such, he has met his burden to state a prima facie Title III discrimination claim.

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in this state on account of disability. Cal. Civ. Code § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).  Here, Plaintiff alleges that Defendants denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability.  (Doc. 1, ¶¶ 34-41.)  Moreover, because Plaintiff's complaint properly alleges a prima facie claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

3.      The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.*, 238 F Supp.2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, Plaintiff seeks four-thousand dollars ($4,000) in minimum statutory damages. (Doc. 12-1 at 9.) Plaintiff seeks five-thousand seven hundred sixty dollars and ten cents ($5,760.10) in attorney fees and costs. (Doc. 12-1 at 8.) The total amount sought is nine-thousand seven hundred sixty dollars and ten cents ($9,760.10). The amount sought by Plaintiff appears to be reasonable at this stage of litigation.  Accordingly, this factor does not weigh against entry of default

1  judgment.

2      4.      The Possibility of a Dispute Concerning Material Facts

3          The facts of this case as they pertain to the Defendants are straightforward, and Plaintiff

4  has provided the Court with a complaint that contains well-pled allegations.  Following the

5  clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and,

6  thus, there is no likelihood that any genuine issue of material fact exists as to the facts that relate

7  to the Defendants.  Further, the Defendants' failure to file an answer in this case or a response to

8  the instant motion supports the conclusion that the possibility of a dispute as to material facts is

9  minimal.  *See*, e.g., *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)

10  ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters

11  default judgment, there is no likelihood that any genuine issue of material fact exists.").  This

12  factor therefore weighs in favor of default judgment.

13      5.      Whether the Default Was Due to Excusable Neglect

14          The sixth *Eitel* factor considers the possibility that Defendant's default resulted from

15  excusable neglect.  *PepsiCo, Inc.*, 238 F.Supp.2d at 1177.  Courts have found that where a

16  defendant was "properly served with the complaint, the notice of entry of default, as well as the

17  paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

18  *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

19          Upon review of the record, the Court finds that the default was not the result of excusable

20  neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Plaintiff served Defendants with a copy of

21  the motion, according to the Court's docket, and Plaintiff also properly served the Defendants

22  with the summons and complaint in this action.  (Docs. 4, 5, 6, and 12-7.)  Plaintiff's counsel

23  additionally contacted Defendants by telephone where she spoke with a person who identified

24  themselves as a manager at K & R Beer & Wine LLC. (Doc. 12-2 at 4.) The "manager" attempted

25  to discuss settlement of this case, but negotiations were unsuccessful. (*Id.*) Plaintiff's counsel also

26  was in contact with Defendant K & R Beer & Wine LLC's insurer. (Doc. 12-2 at 4.) After

27  sending the insurer a copy of the complaint and accompanying documents, the insurer stopped

28  contacting counsel. (*Id.*) Despite ample notice of this lawsuit and Plaintiff's intention to seek a

default judgment, the Defendants have not appeared to date.  Thus, the record shows that the Defendants have chosen not to participate in this action, and the default has not resulted from any excusable neglect.  Accordingly, this factor weighs in favor of the entry of a default judgment.

6.      The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because the Defendants have not responded.  Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

Upon consideration of the *Eitel* factors as delineated above, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants. The Court therefore will recommend that Plaintiff's Motion for Default Judgment be granted.

V.  **CONCLUSION AND RECOMMENDATION**

Accordingly, based on foregoing, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for default judgment (Doc. No. 12) be granted; and

2.      Default judgment be entered in favor of Plaintiff and against Defendants Kulwinder S. Johal, Inderjit K. Johal, and K & R Beer & Wine LLC, jointly and severally, in the amount of $9,760.10, which includes $4,000 in statutory damages and $5,760.10 in attorney fees and costs.

///

///

///

///

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 7, 2022**                    /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE